UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-CV-00147-KKC

AUTO OWNERS INSURANCE COMPANY                                         PLAINTIFF

v.                           **OPINION AND ORDER**

KERRY D. ALDRIDGE et al.                                             DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court pursuant to the Motion to Dismiss filed by the Defendants Kerry D. Aldridge and A2Z Laundry, LLC ("Aldridge and A2Z"). (Rec. No. 8). Aldridge and A2Z urge this Court to decline to exercise jurisdiction under the Declaratory Judgment Act. For the reasons set forth below, the Court will DENY the Motion to Dismiss.

**I.      FACTS**

Plaintiff Auto Owners Insurance Company ("Auto Owners") is an insurance company incorporated in and having its principal place of business in Michigan. (Complaint, ¶1). Auto Owners is authorized to engage in the insurance business in the Commonwealth of Kentucky. (Complaint, ¶1). Auto Owners issued an insurance policy to A2Z and Mousetrap Management LLC providing commercial property coverage and commercial general liability coverage under a tailored protection policy. (Complaint, ¶12).

In the underlying state court action, Aldridge and A2Z filed claims against Dry Cleaning To-Your-Door, Inc. ("DCTYD") and Margo Sloan[1] ("Sloan") in Oregon Circuit Court arising

---

[1] Sloan is the President of DCTYD and was involved with the implementation of the franchise agreement between A2Z and DCTYD.

under a franchise agreement. (Complaint, ¶9). DCTYD is a franchisor that entered into a franchise agreement with A2Z, for A2Z to operate a franchise in the Lexington, Kentucky area. (Complaint, ¶4). During the state court proceeding, Sloan and DCTYD answered the complaint by filing counterclaims against Aldridge and A2Z. (Complaint, ¶10). Sloan and DCTYD claimed the Aldridge and A2Z had violated the Lanham Act based on intentional conduct, breach of the franchise agreement, fraud and unfair competition. (Complaint, ¶11). A2Z and Aldridge then made a demand for coverage for these counterclaims under the insurance policy issued to them by Auto Owners. (Complaint, ¶13).

Auto Owners subsequently filed the instant action for a declaratory judgment pursuant to 28 U.S.C. § 2201. Auto Owners seeks a declaratory judgment establishing that there is no coverage under the insurance policy for the counterclaims brought against them by DCTYD and Sloan. (Complaint, ¶15). Specifically, Auto Owners seeks to establish that the terms of the insurance policy exclude coverage for intentional conduct, breach of contract, infringement upon intellectual property and trademarks, and the unauthorized use of another's product or name. (Complaint, ¶14). Aldridge and A2Z then filed the instant Motion to Dismiss, urging this Court to decline to exercise jurisdiction over the coverage questions raised by Auto Owners and allow them to be resolved by a state court.

## II. THE DECLARATORY JUDGMENT ACT

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). District courts have broad discretion "in determining whether and when to entertain an action under the Declaratory Judgment Act, even

when the suit otherwise satisfies subject matter jurisdiction prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995); *Aetna Cas. & Sur. Co. v. Sunshine Corp.*, 74 F.3d 685, 687 (6th Cir. 1996).

The Sixth Circuit has set forth five factors that district courts should consider in determining whether exercising jurisdiction under the Declaratory Judgment Act is appropriate. These factors include:

(1) whether the declaratory action would settle the controversy;

(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

(3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to res judicata;

(4) whether the use of a declaratory remedy would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and

(5) whether there is an alternative remedy which is better or more effective.

*Aetna*, 74 F.3d at 687 (citation and internal quotations omitted).

In addition, when analyzing the fourth factor, courts should consider three sub-factors. These sub-factors are:

(1) whether the underlying factual issues are important to an informed resolution of the case;

(2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory action.

*Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000). The Court will address each

3

of these factors in turn.

**A. Whether the Action will Settle the Controversy or Clarify the Legal Relations at Issue?**

Because these factors are closely related, courts often consider them together. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 557 (6th Cir. 2008); *Travelers Indem. Co. v. Bowling Green Prof'l Assocs., PLC*, 495 F.3d 266, 271-72 (6th Cir. 2007). The Sixth Circuit has recently discussed these factors in great detail and recognized that there is a split in authority within this circuit regarding the proper interpretation of both of these factors. *Flowers*, 513 F.3d at 555-58. With regard to the first factor, the question is whether the declaratory action will settle the controversy. One line of cases has required that the action settle the underlying controversy in the state courts, while the other has only required that the controversy between the parties to the declaratory action be settled. *Flowers*, 513 F.3d at 555.

The Court in *Flowers* explained that while these diverging lines of cases may be explained by competing policy considerations, they might also be explained based on their different factual scenarios. *Id.* at 556. The Court appeared to indicate that the line of cases declining to exercise jurisdiction because the declaratory action could not settle the underlying state court controversy, did so because those cases required district courts to make factual determinations that were being developed in state court discovery.[2] *Id.* at 556. However, where

---

[2] For example, in *Bituminous*, the insurance company sought an declaration that it was not obligated to defend or indemnify J&L Lumber Company in a state court action based on a logging accident that injured one of its employees. 373 F.3d at 813. The insurance policy in question had an exclusion for employees, so if Shields was considered an employee at the time of his injury, Bituminous would have had no duty to defend or indemnify J&L. *Id.* However, if Shields was not considered an employee at the time of the accident, then Bituminous would have been obligated to defend and indemnify J&L in the state court action. *Id.* The Court noted that the question of Shield's employment status at the time of his injury was a fact-based and very close question of state law. *Id.* In addition, that precise issues was already being considered in two independent state court proceedings, creating the risk of inconsistent results. *Id.* at 813-14. The Court also noted that because the state court plaintiff was not made a party to the declaratory action, any judgment would not be binding on him and could not be *res judicata* in the tort

these same concerns were not present because the declaratory plaintiff was not a party to the state court action and the scope of insurance coverage nor the obligation to defend were before the state court, a declaratory judgment would resolve the insurance coverage controversy and clarify the legal relations at issue. *Id.*

      Applying the reasoning in *Flowers* to the facts of this case, it is clear that this declaratory action will resolve the insurance coverage controversy. The only issue to be decided is whether, as a matter of law, the insurer has a duty to defend and indemnify Aldridge and A2Z in a separate state court action to which Auto Owners is not a party. The insurance coverage question is not before the state court and is irrelevant to the outcome of that case. Accordingly, this factor weighs heavily in favor of this Court exercising jurisdiction over this matter.

      A split also exists within the Sixth Circuit regarding the second factor. One line of cases has required clarification of the legal relations between the parties to the declaratory action and the other has required clarification of the legal relations between the parties in the underlying state court action. *Flowers*, 513 F.3d at 557. The Court in *Flowers* addressed this split of authority and concluded that better approach was to only require that the declaratory action clarify the legal relations between the parties before the district court. *Id.*

      Here, the declaratory action will solve a useful purpose for the parties before this Court because it will expeditiously clarify whether Auto Owners is contractually obligated to defend and/or indemnify Aldridge and A2Z in the state court action. Because this declaratory action will clarify the legal relations between the parties before this Court, this factor weighs in favor of

---

action. *Id.* at 814. As a result, the Court found that a declaratory judgment would not resolve the insurance coverage controversy and that the first factor weighed against the exercise of jurisdiction. *Id.*

exercising jurisdiction.

**B. Whether Federal Jurisdiction is Being used for a Race for Res Judicata?**

This factor is "meant to preclude jurisdiction for 'declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a natural plaintiff and who seem to have done so for the purpose of acquiring a favorable forum.'" *Flowers*, 513 F.3d at 558 (quoting *Amsouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004)). The appropriate question in considering this factor is thus "whether the declaratory plaintiff has filed in an attempt to get her choice of forum by filing their first." *Amsouth Bank*, 386 F.3d at 789. Several decision by the Sixth Circuit have shown reluctance to impute improper motives to plaintiffs in the absence of evidence of such a motive in the record. *See Travelers*, 495 F.3d at 272; *Roumph*, 211 F.3d at 968; *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 279 (6th Cir. 1990).

In this case, the Court can find no evidence in the record that Auto Owners' declaratory action was motivated by procedural fencing or to create a race to res judicata. Aldridge and A2Z claim that there must be some reason why Auto Owners is defending the state suit under a reservation of rights while choosing to litigate this declaratory action in a federal forum. However, there is no evidence that Auto Owners is using the declaratory remedy for an improper purpose and the court will not speculate regarding such alleged improper motive. The issue of insurance coverage issues is not before the state court. Finally, there are no factual issues before the state court that will overlap with this Court's interpretation of the insurance contract as a matter of law. Under such circumstances, declaratory plaintiffs should generally be given the benefit of the doubt. *See Flowers*, 513 F.3d at 558 (giving a declaratory plaintiff "the benefit of the doubt that no improper motive fueled the filing of [the] action," where a claim is filed after

6

the onset of state court litigation); *Bituminous*, 373 F.3d at 814; *see also Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003). As a result, the Court concludes that this factor favors the exercise of jurisdiction in this case.

**C. Whether the Declaratory Action will Increase Friction Between State and Federal Courts?**

As indicated above, a district court must consider three sub-factors in deciding whether the declaratory action will increase friction between state and federal courts. *See Bituminous*, 373 F.3d at 814-15. These factors are helpful to the court's determination because "the mere existence of a state court proceeding is not determinative of improper federal encroachment upon state jurisdiction." *Green*, 825 F.2d at 1067.

The first sub-factor focuses on whether the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action. *Flowers*, 513 F.3d at 560. The Sixth Circuit has recognized that in actions seeking a declaration of insurance coverage, such questions can sometimes be resolved as a matter of law when they do not involve factual findings. *Northland*, 327 F.3d at 454. In cases where a federal court must make factual findings in resolving a declaratory judgment action that might conflict with similar findings made by a state court, the exercise of jurisdiction is inappropriate. *Travelers*, 495 F.3d at 272. Because this Court believes that the coverage dispute in this case can be resolved as a matter of law, without having to make any factual findings that overlap with the findings of the Oregon state court, this sub-factor appears to weigh in favor of exercising jurisdiction.

The second sub-factor focuses on whether this Court or state court is in a better position to resolve the issues presented by the declaratory action. State courts are generally considered to

be in a better position than federal courts to resolve novel issues of state law. *Travelers*, 495 F.3d at 272. In this case, Aldridge and A2Z do not make any specific claims that the issues that this Court will have to resolve in deciding this action are particularly novel. In addition, "when an insurance company is not a party to the state court action, and neither the scope of insurance coverage nor the obligation to defend is before the state court...a decision by the district court on these issues would not offend principles of comity." *Flowers*, 513 F.3d at 561. Auto Owners is not a party to the Oregon action. Neither the scope of the insurance coverage provided by Auto Owners to Aldridge and A2Z, or the obligation to defend is before that court. This Court is not convinced that a state court would be in a better position to decide the question raised by this matter. As a result, this factor weighs in favor of exercising jurisdiction over the declaratory action.

       The final sub-factor addresses whether the issues in this action implicates important state policies and are thus more appropriately considered in a state court. The Sixth Circuit has recognized that in general, "[t]he states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation." *Flowers*, 513 F.3d at 561 (quoting *Bituminous*, 373 F.3d at 273). However, not all cases involving insurance contract interpretation involve such important fundamental state policies that federal courts should decline to consider them. *Northland*, 327 F.3d at 454. This is particularly the case, where as here the issues involving the insurance contract do not appear to be especially novel or complex and can be decided as a matter of law. Federal district courts routinely interpret contractual provisions using Kentucky law. As a result, the Court finds that this sub-factor does not weigh against the exercise of jurisdiction over the

declaratory action.

**D. Whether an Alternative Remedy is Available?**

Where there is an alternative remedy that is better or more effective than the declaratory action, a district court should deny declaratory relief. *Flowers*, 513 F.3d at 562. There is a split within the Sixth Circuit "regarding whether the possibility of seeking a declaratory judgment or an indemnity action in state court counsel's against the district court exercising jurisdiction." *Id.* As a result, the Court in *Flowers* indicated that "our inquiry on this factor must be fact specific, involving consideration of the whole package of options available to the federal declaratory plaintiff." *Id.*

Aldridge and A2Z argue that this action would have been better brought before the Oregon or Kentucky state courts. They claim that the Oregon court would have been a superior remedy because it is familiar with the underlying facts and issues of this action. However, the issue of insurance coverage dispute is not before the Oregon court, so there is no reason why that Court would be any more familiar with the issues than this Court. Furthermore, the Oregon court is in no better position than this Court to interpret the insurance contract between the parties under Kentucky law.

Aldridge and A2Z also claim that the Kentucky state courts would be more familiar with unique issues of Kentucky contract and insurance law and provide a superior remedy. However, Aldridge and A2Z have not indicated what unique issues of contract or insurance law are presented by this action. Because the Court finds that filing an action in the Ohio or Kentucky state courts would not provide a better or more effective remedy than the declaratory action, this factor weighs in favor of exercising jurisdiction.

**E. Balancing the Factors.**

The Sixth Circuit has never clearly indicated how the five *Grand Trunk* factors should be balanced to determine whether exercising jurisdiction over a declaratory judgment action is proper. *Flowers*, 513 F.3d at 563. However, the Supreme Court has explained that "[s]ince its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995).

Under the facts of this case, after carefully considering all of the applicable factors, the Court concludes that the exercise of jurisdiction over the declaratory action is appropriate. As a result, the Court will DENY the Motion to Dismiss.

III.   CONCLUSION

Accordingly, it is ORDERED that the Motion to Dismiss (Rec. No. 8) filed by Defendants Aldridge and A2Z is **DENIED.**

Dated this 7th day of December, 2009.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge